IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00393-MR

| | |
|---|---|
| ROBERT A. D. WALDRUP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANTHONY WILDE, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [Doc. 10].

**I.    BACKGROUND**

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Craggy Correctional Center ("Craggy C.C.").[1] The Plaintiff names as the Defendant: "Anthony Wilde, et al.;" this appears to refer to the superintendent of Craggy C.C. [Doc. 1 at 1].

---

[1] According to the NCDPS website, the Plaintiff is presently incarcerated at the Marion Correctional Institution, but he has not changed his address of record with the Court. See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (last visited June 8, 2021); Fed. R. Evid. 201. The Plaintiff is cautioned that it is his responsibility to keep the Court apprised of his current address at all times, and the failure to do so may result in this action's dismissal for lack of prosecution. [See Doc. 3 at ¶ 3 (Order of Instructions)].

The Plaintiff appears to allege that he was housed in Craggy C.C.'s Building 1 when most of the kitchen-assigned inmates, all of whom were housed in Building 2, tested positive for COVID-19. The Plaintiff appears to attribute the kitchen workers' positive test results to the housing of positive inmates in close proximity to the kitchen block in Building 2, and "Craggy[ ] administration['s]" continuation of the Drug and Alcohol Recovery Treatment ("DART") program. [Doc. 1 at 4].

On November 20, 2020, Dawn MacMahan,[2] the assistant superintendent of programs at Craggy C.C., informed Building 1 inmates that they would be required to perform additional jobs because of the kitchen workers' positive test results. Building 1 inmates were required to clean and decontaminate the kitchen without being trained to do so safely.[3] [Id. at 2].

MacMahan told the Plaintiff that he would have a kitchen job beginning on November 23, 2020. The Plaintiff rejected the assignment and, in response, MacMahan threatened the Plaintiff with a custody level demotion and a transfer to Foothills Correctional where he would be placed in "quarantine lockdown" with inmates who tested positive for COVID-19. [Id.

---

[2] Assistant Superintendent MacMahan is not named as a Defendant in this case.

[3] It is unclear whether the Plaintiff was required to carry out this task.

at 3]. The Plaintiff argues that this threat was retaliatory and would be cruel and unusual punishment, if carried out. [Id.].

Building 1 inmates were not tested for COVID-19 before starting the new kitchen jobs even though MacMahan stated that "everyone knew" Building 1 was probably infected. [Id.]. According to the Plaintiff, "Craggy Correctional is intentionally not testing Building 1 inmates because the administration would rather pretend that the inmates do not have it than deal with the consequences if they did." [Id.]. The Plaintiff seeks testing of all inmates at Craggy C.C. as "a top priority of Craggy administrators." [Id. at 3-4].

The Plaintiff alleges that MacMahan admitted at the November 20 meeting that staff at Craggy routinely violate safety protocols and that staff are transferred to Craggy despite having come into contact with COVID-19 at other facilities. [Id. at 4].

The Plaintiff requests discovery and any relief the Court deems appropriate. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which

3

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

4

## A. Parties

The Complaint refers to individuals other than the Plaintiff who, he asserts, have been placed at risk of COVID-19 infection. The Plaintiff's status as a *pro se* prisoner precludes him from making claims on behalf of anyone besides himself. See Hummer v. Dalton, 657 F.2d 621, 635-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff attempts to assert claims on behalf of others, such claims are dismissed.

The Plaintiff names "Anthony Wilde, et al." as the Defendant. [Doc. 1 at 1]. However, the Plaintiff makes no factual allegations against Defendant Wilde whatsoever. Fed. R. Civ. P. 8(a)(2) (a short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Vague references to actions that were allegedly taken by "Craggy Correctional," "administrators," "administration" and "staff" are too

vague and conclusory to state a claim against Defendant Wilde. [Doc. 1 at 1, 3-4].

The only individual against whom the Plaintiff makes any factual allegations is Assistant Superintendent of Programs Dawn MacMahan. However, the Plaintiff has failed to name MacMahan as a Defendant in this case, and consequently, the allegations against her are nullities. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Therefore, the claims asserted on behalf of others, against Defendant Wilde, and against individuals not named as Defendants are dismissed.

**B. Relief**

The Plaintiff requests "any relief this Honorable Court deems appropriate in this case." [Doc. 1 at 5].

The Federal Rules of Civil Procedure require a complaint to contain a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). The Plaintiff has not requested any specific relief, and therefore, the Complaint is insufficient to proceed. Moreover, any claim for declaratory or injunctive relief appears to be moot as the Plaintiff no longer resides at Craggy C.C. See Williams v.

Griffin, 952 F.2d 820 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

### C. Discovery

Incorporated in the Complaint is a request for discovery. [Doc. 1 at 5]. However, this request is premature because the Complaint has not passed initial review. See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."). As such, it is denied.

### IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant, and therefore, the Complaint will be dismissed. The Court will allow the Plaintiff thirty (30) days to amend the Complaint, if he so chooses, to correct its deficiencies and properly state a claim upon which relief can be granted. Should the Plaintiff fail to timely amend the Complaint, this action will be dismissed without prejudice and without further notice to the Plaintiff.

**IT IS, THEREFORE, ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff shall have **thirty (30) days** in which to amend the Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form and a copy of this Order at Marion Correctional Institution, 355 Old Glenwood Road, Marion NC 28752.

**IT IS SO ORDERED**.

Signed: June 15, 2021

Martin Reidinger
Chief United States District Judge