IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00393-MR

ROBERT A. D. WALDRUP,            )
                                 )
            Plaintiff,           )
                                 )
vs.                              )
                                 )
ANTHONY WILDE, et al.,           )         **ORDER**
                                 )
            Defendants.          )
_____  )

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 12]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 10].

**I.    BACKGROUND**

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 regarding conditions he allegedly experienced at the Craggy Correctional Center.[1] [Doc. 1]. The Court dismissed the Complaint on June 16, 2021 for failure to state a claim and granted the Plaintiff 30 days to amend. [Doc. 11]. The Amended Complaint is now before the Court on initial review.

---

[1] The Plaintiff is presently incarcerated at the Marion Correctional Institution.

The Plaintiff asserts claims for "[t]he right to health (protection of), safety; freedom from fear of retaliation and cruel/unusual punishment" against: Anthony Wilde, the Craggy CC superintendent; Dawn MacMahan, the Craggy CC assistant superintendent of programs; and "Et Al. – Any other unknown persons responsible," in their official capacities. [Doc. 12 at 2-3]. For damages, the Plaintiff requests "$1 plus the filing fee in punitive damages" and the Defendants' removal or demotion. [Doc. 12 at 15].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S.

2

519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Complaint refers to individuals other than the Plaintiff who, he asserts, have been placed at risk of COVID-19 infection and/or contracted COVID-19. The Plaintiff's status as a *pro se* prisoner precludes him from making claims on behalf of anyone besides himself. See Hummer v. Dalton, 657 F.2d 621, 635-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff attempts to assert claims on behalf of others, they are dismissed.

### B. Official Capacity Claims

The Plaintiff purports to sue Defendants, who are state officials, in their official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

### C. Conditions of Confinement

Even if the Plaintiff had attempted to assert claims against the Defendants in their individual capacities, his allegations would be insufficient to state a claim. The Plaintiff expresses his dissatisfaction with COVID-19 precautions at Craggy CC which made him fear contracting COVID-19 based on his preexisting health conditions. [Doc. 12-1 at 1-4]. He also alleges that hot water burned him at his kitchen job. [Doc. 12-1 at 2].

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are

4

Case 1:20-cv-00393-MR   Document 13   Filed 10/28/21   Page 4 of 10

required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). A plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

With regards to COVID-19, the Plaintiff complains that there was insufficient social distancing; that there was insufficient distance between regular and quarantined inmates' housing blocks; that staff and offenders were moved within the facility; and that his kitchen work required him to disinfect for COVID-19 and work with other staff and inmates. [Doc. 12-1 at 1-4]. "[T]he inability ... to practice social distancing at all times does not, without more, demonstrate that defendants have deliberately disregarded these risks."[2] Duvall v. Hogan, 2020 WL 3402301, at *13–14 (D. Md. June 19, 2020); Swain v. Junior, 961 F.3d 1276, 1287 (11th Cir. 2020) ("Failing to

---

[2] The CDC has acknowledged that social distancing strategies "will need to be tailored to the individual space in the facility" and that "[n]ot all strategies will be feasible in all facilities." See https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html#previous-updates (last visited Sept. 24, 2021).

5

do the 'impossible' doesn't evince indifference, let alone deliberate indifference."). To the extent that isolated lapses in implementing safety provision occurred, the Plaintiff has failed to explain how these were the result of deliberate indifference. Reinhardt v. Hogan, 2021 WL 82894, at *6 (D. Md. Jan. 11, 2021) ("the Eighth Amendment is not violated when every conceivable protective measure is put into place to prevent the spread of a contagious disease and there are isolated lapses in implementation that cause no injuries."). Nor does the alleged failure to adhere to policies and procedures at all times, by itself, state a § 1983 claim. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). His allegations that the Defendants failed to provide the most optimal possible conditions of incarceration during the COVID-19 pandemic is insufficient to state a plausible § 1983 claim. See generally Daniels v. Williams, 474 U.S. 327, 328 (1986) (claims of negligence are the province of state law and do not support a constitutional claim). Moreover, the Plaintiff has failed to plausibly allege that the Defendants caused him any serious or significant physical or emotional injury. See generally Hope v. Warden, 972 F.3d 310, 330 (3d Cir. 2020 (rejecting detainee habeas petitioners'

arguments that exposure to COVID-19 was *per se* unconstitutional and that the government must entirely eliminate their risk of exposure in order to comply with constitutional mandates); Blackwell v. Covello, 2021 WL 915670, at *3 (E.D. Cal. March 10, 2021) (plaintiffs "must provide more than generalized allegations that the [defendants] ha[ve] not done enough to control the spread" of COVID-19); Reinhardt, 2021 WL 82894, at *6.

With regards to the Plaintiff's allegation that he was burned in a kitchen accident, the Plaintiff has failed to attribute the incident to the Defendants' actions or inactions. See Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient). Nor does the Plaintiff allege any facts to suggest that the incident was anything more than an accident the result of negligence. See Daniels, 474 U.S. at 328.

The Plaintiff has failed to state a plausible Eighth Amendment claim regarding COVID-19 or the conditions of his kitchen job. Accordingly, these claims will be dismissed without prejudice.

**D. Retaliation**

The Plaintiff alleges that "retaliatory threats arose" when he asked Defendant MacMahan to opt out of his kitchen work assignment. [Doc. 12-1 at 1].

7

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." Suarez Corp. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) []he engaged in protected First Amendment activity, (2) the defendant[] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005)). A plaintiff suffers adverse action if the allegedly retaliatory conduct "would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id. A plaintiff "must show that the defendant's conduct resulted in something more than a '*de minimis* inconvenience' to her exercise of First Amendment rights." Constantine, 411 F.3d at 500 (quoting ACLU of Md., Inc. v. Wicomico Cnty., Md., 999 F.2d 780, 786 n.6 (4th Cir. 1993)). This objective inquiry examines the specific facts of each case, taking into account the actors involved and their relationship. Balt. Sun Co. v. Erlich, 437 F.3d 410, 416

8

Case 1:20-cv-00393-MR   Document 13   Filed 10/28/21   Page 8 of 10

(4th Cir. 2006). The Plaintiff's actual response to retaliatory conduct provides some evidence of the tendency of that conduct to chill First Amendment activity." Constantine, 411 F.3d at 500.

The Plaintiff's request to opt out of the kitchen job appears to qualify as free speech exercise. However, Plaintiff fails to identify any adverse action that Defendant MacMahan took against him as a result of this speech. His allusion to "retaliatory threats" [Doc. 12-1 at 1] is too vague and conclusory to state a retaliation claim. Accordingly, the Plaintiff's retaliation claim is dismissed without prejudice.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant, and therefore, the Amended Complaint will be dismissed and this case will be closed.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint is dismissed for failure to state a claim upon which relief can be granted and for seeking damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.** Signed: October 27, 2021

Martin Reidinger
Chief United States District Judge